IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| V. | *   CRIMINAL NO. W-19-CR-152(2) |
| | * |
| THOMAS MICHAEL CORNFORD | * |

FACTUAL BASIS

Had this case proceeded to trial, the United States Attorney for the Western District of Texas was prepared to prove and would prove beyond a reasonable doubt that:

On or about April 12, 2019, in the Western District of Texas, Defendant,

**THOMAS MICHAEL CORNFORD,**

aided and abetted by another, did knowingly possess and attempt to possess material which contained one or more images of child pornography, to-wit: images depicting minors, including prepubescent minors and minors who had not attained twelve (12) years of age, engaging in genital-genital, anal-genital, oral-genital sexual intercourse and lascivious exhibition of the genitals and pubic area, that had been mailed, shipped and transported using any means and facility of interstate and foreign commerce, and that had been produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, by any means, including by computer, all in violation of Title 18, United States Code, Sections 2252A(a)(5)(B), 2252A(b)(2), 2256(8)(A) and 2.

Specifically, the United States Attorney would prove beyond a reasonable doubt that:

On April 8, 2019, law enforcement received a Facebook Cyber Tip from the National Center for Missing and Exploited Children (NCMEC).  Investigators tracked the IP address to the residence of the Defendants.

On April 11, 2019, a search warrant was executed at the Defendants' residence in Eddy, Texas, which is located in the Waco Division of the Western District of Texas.  EDWARD WILLIAM CECIL SUTTON and THOMAS MICHAEL CORNFORD were found in a back bedroom with a laptop between them.  On the laptop between them was a loaded syringe of methamphetamine.  After being Mirandized, CORNFORD stated the syringe belonged to SUTTON, and SUTTON stated the syringe belonged to both of them.

Computers and media were seized and turned over for forensic review.  Forensic examiners also viewed surveillance footage from a camera inside the Defendants' bedroom.  It showed that SUTTON and CORNFORD occupied the bedroom and slept in the bed located in the room.  It also showed footage of SUTTON using and possessing a red laptop and CORNFORD in possession of a white Apple laptop with external hard drives.  The red laptop and the external hard drives were later found to contain images and videos of child pornography.  Several other items from the Defendants' bedroom contained child pornography.

The images of child pornography possessed by CORNFORD and SUTTON involved minors, including prepubescent minors engaging in sexually explicit conduct, to include genital-genital, anal-genital, oral-genital, sexual intercourse, and lascivious exhibition of the genitals and pubic area.  The images had been mailed, shipped and transported using any means and facility of interstate and foreign commerce, i.e. the Internet.  The images had also been produced on materials that had been mailed, shipped, and transported in and affecting interstate

and foreign commerce because the computers and hard drive were manufactured outside the State of Texas.

        Respectfully submitted,

        JOHN F. BASH
        United States Attorney

        /s/ Gregory S. Gloff

By:    GREGORY S. GLOFF
        Assistant United States Attorney